*Jin v. Sessions*

BIA
Zagzoug, IJ
A205 427 950

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of June, two thousand eighteen.

PRESENT:
　　　　RALPH K. WINTER,
　　　　GUIDO CALABRESI,
　　　　DENNY CHIN,
　　　　　　*Circuit Judges.*
_____

LEI JIN,
　　　　　　*Petitioner,*

　　v.　　　　　　　　　　　　　　17-411
　　　　　　　　　　　　　　　　　NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
　　　　　　*Respondent.*
_____

FOR PETITIONER:　　　　Wei Gu, Albertson, NY.

FOR RESPONDENT:　　　　Chad A. Readler, Acting Assistant
　　　　　　　　　　　　Attorney General; Douglas E.
　　　　　　　　　　　　Ginsburg, Assistant Director; Erik
　　　　　　　　　　　　R. Quick, Trial Attorney, Office
　　　　　　　　　　　　of Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lei Jin, a native and citizen of the People's Republic of China, seeks review of a January 24, 2017, decision of the BIA affirming a December 23, 2015, decision of an Immigration Judge ("IJ") denying Jin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lei Jin,* No. A 205 427 950 (B.I.A. Jan. 24, 2017), *aff'g* No. A 205 427 950 (Immig. Ct. N.Y. City Dec. 23, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., reaching only the adverse credibility ruling. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See*

2

8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility ruling on an applicant's "demeanor, candor, or responsiveness . . . the consistency between the applicant's . . . written and oral statements[,] . . . the internal consistency of each such statement, the consistency of such statements with other evidence of record[,] . . . any inaccuracies or falsehoods in such statements, . . . or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the agency's determination that Jin was not credible. Jin alleged that he was arrested and beaten in China for protesting the demolition of his family's home. The agency reasonably relied on a number of inconsistencies between Jin's statements and evidence regarding the alleged events in China. Jin produced a mailing envelope showing that his mother still lived in the

allegedly demolished apartment. Although he testified that the building had, in fact, been torn down, he could not give any other address for his mother. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The agency was not required to accept Jin's explanation that his mother used the old address because she feared harm from the Chinese government, especially because Jin did not know his mother's current address and could not explain why she used the address of her former apartment instead of another fake address. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). Jin compounded this inconsistency by listing the demolished building as his address until October 2011 (when he left China), despite stating at his asylum interview that he and his mother moved in July 2011, and testifying at the hearing that they moved at the end of May 2011. And we give particular deference to the IJ's additional finding that Jin's panic when confronted with the envelope further called his credibility into

question. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

In addition to these discrepancies regarding the demolition, the agency reasonably relied on an inconsistency regarding the location of Jin's arrest. 8 U.S.C. § 1158(b)(1)(B)(iii). At the hearing and in his application, Jin stated that he and his neighbor were arrested outside their apartment building, after returning from the city hall. But Jin's interview statement and his neighbor's letter reported the arrest as occurring immediately as they left the government building. Contrary to Jin's argument, the agency reasonably relied on the record of the asylum interview because the asylum officer typed out the detailed questions and answers, and Jin acknowledged that he used his own Mandarin interpreter during the interview. *See Diallo v. Gonzales*, 445 F.3d 624, 632-33 (2d Cir. 2006).

The agency also reasonably concluded that Jin's documentary evidence did not rehabilitate his claim, especially because some of the evidence introduced further inconsistencies. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his .

5

. . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). For example, the date of the demolition notice conflicted with Jin's statements and his medical records conflicted with his asylum interview testimony that he did not see a doctor.

The above discrepancies, which call into question Jin's allegation of past harm, provide substantial evidence for the adverse credibility ruling. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because Jin's asylum, withholding of removal, and CAT claims were all based on the same factual predicate, the adverse credibility ruling is dispositive. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

6

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court